# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Matthew J. LAYTON,
### Machinist Technician Third Class (E-4), U.S. Coast Guard

## CGCMS UNKNOWN
## Docket No. 001-62-05

## 7 February 2006

Special Court-Martial convened by Commanding Officer, Sector New York. Trial commenced at New York, New York, on 5 December 2005.

| | |
|---|---|
| Military Judge: | CDR Thomas D. Beistle, USCG |
| Trial Counsel: | LT Lisa M. LaPerle, USCG |
| Assistant Trial Counsel: | LT D. Sean Baer, USCGR |
| Defense Counsel: | LT Geraldo Padilla, JAGC, USN |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCG |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT D. Sean Baer, USCGR |

## BEFORE
## PANEL EIGHT
## BAUM, TEAL, & FELICETTI
Appellate Military Judges

Per Curiam:

This is an Article 62, Uniform Code of Military Justice (UCMJ), appeal by the Government of the special court-martial military judge's dismissal of a charge and specification for failure to state an offense. The charge and specification in question alleged that the accused wrongfully endeavored to impede a Coast Guard adverse administrative proceeding by seeking to substitute another person's urine sample for his own during a mandatory random urinalysis test for controlled substances, in violation of Article 134, UCMJ.

Prior to entering pleas, the accused moved to dismiss the charge and specification for failure to state an offense, arguing that a random urinalysis cannot be the basis of the Article 134,

UCMJ, offense of wrongful interference with an adverse administrative proceeding, because a random urinalysis, while an inspection under the Military Rules of Evidence, is not an adverse administrative proceeding. The military judge agreed with the defense and granted the motion to dismiss, prompting the Government to appeal to this Court under Article 62, UCMJ. Before this Court, the Government argues that the military judge erred in finding that the charge and specification failed to state an offense.

We have reviewed the record in accordance with Article 62, UCMJ. Upon such review, we have determined, pursuant to the rationale of *United States v. Denaro*, No. 1243, 2006 WL 242651 (C.G.Ct.Crim.App. February 2, 2006), that the dismissed charge and specification properly allege an offense and that the military judge erred as a matter of law in granting the defense motion. Whether the Accused is guilty of this offense will depend on the facts developed at trial upon return of the record. The military judge's ruling dismissing the charge and specification is reversed, and the record is returned for further trial of that offense along with the others that were alleged.



For the Court,


Jane R. Lim
Clerk of the Court